UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GRACY BRYCE, | § | |
|    Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-05-500 |
| | § | |
| GEORGE WEST I.S.D., | § | |
|    Defendant | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Gracy Bryce filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that her employer, the George West Independent School District ("GWISD" or "the district"), discriminated against her on the basis of race and out of retaliation for her having filed a criminal complaint against an employee of the defendant (D.E. 1). Defendant filed a motion for summary judgment on July 14, 2006 to which plaintiff did not respond (D.E. 19).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## BACKGROUND

Plaintiff asserts in her complaint that she is a 30-year-old woman who began to work for defendant on August 7, 2004 as a teacher and coach. She was the only Hispanic coach employed by the defendant. She had a one-year contract for employment.

On March 1, 2005 plaintiff was coaching at a track meet when the head girls athletic coach, Cathy Taylor, an Anglo woman, requested the starter's pistol from another person and stated that she wanted to shoot plaintiff. Taylor then picked up the pistol and shot it into the air. Someone asked Taylor if she felt better and she said she would feel better of she could shoot

plaintiff and she put the pistol to plaintiff's chest. Unidentified coaches were also heard to say "that Mexican does not know what she is doing" while referring to plaintiff. Plaintiff reported Taylor's conduct to the local law enforcement agency.

On March 7, 2005 plaintiff applied for one of two open positions for physical education coach with the defendant. The jobs were posted on April 13, 2005. One of the jobs was awarded to an Hispanic woman and the other was awarded to an Anglo woman. Plaintiff asserts that she was not considered for the positions out of retaliation for having filed the complaint with law enforcement against Taylor.

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 27, 2005. Plaintiff received her "right to sue" letter on July 11, 2005 and filed her complaint in this court on October 5, 2005.

In its motion for summary judgment GWISD argues that plaintiff did not engage in a protected activity that would give rise to a retaliation claim under Title VII and that the coaching positions sought by plaintiff were filled with applicants who were better qualified than plaintiff.

## APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED.R.CIV.P. 56(c). An issue is material if its resolution could affect the outcome of the action. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  The Court will not weigh the evidence or evaluate the credibility of witnesses.  Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  To sustain this burden, the nonmovant cannot rest on the mere allegations of the pleadings.  See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Caboni, 278 F.3d at 451; FED.R.CIV.P. 56(e).  After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted.  Caboni, 278 F.3d at 451.

**B.  Title VII**

Under Title VII it is unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  42 U.S.C.A. § 2000e-2.  The analysis of a Title VII case is well known:

> The plaintiff must establish a prima facie case that the defendant made an employment decision that was motivated by a protected factor.  Once established, the defendant bears

> the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason.  The burden then shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination.  But, if the defendant has offered a legitimate nondiscriminatory reason for its action, the presumption of discrimination derived from the plaintiff's prima facie case 'simply drops out of the picture,' . . .and 'the ultimate question [is] discrimination *vel non*.'

Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089-90 (5th Cir. 1995)(citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 246, 253-257, 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981);  McDonnell Douglas Corporation v. Green, 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1971)).

The focus then shifts to the ultimate question of whether the defendant intentionally discriminated against the plaintiff.  Grimes v. Tx. Dept. of Mental Health, 102 F.3d 137, 140 (5th Cir. 1996)(citing Hicks, 509 U.S. 502, 510-511, 113 S.Ct. 2742, 2749, 124 L.Ed.2d 407 (1993)). Title VII plaintiffs must ordinarily prove their claims through circumstantial evidence and may do so by demonstrating that a defendant's articulated non-discriminatory reason was pretextual. Grimes, 102 F.3d at 141 (citations omitted).  A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may, but does not necessarily, permit the trier of fact to conclude that the employer unlawfully discriminated. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).  "Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors.  Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law."  Id., 530 U.S. at 148-149, 120 S.Ct. at 2109.

**1. Prima Facie Case**

To make out a prima facie case of retaliation, a plaintiff must show three things: (1) that the employee engaged in an activity protected by Title VII; (2) that an adverse employment action followed and (3) that there was a causal connection between the activity and the adverse action. Collins v. Baptist Memorial Geriatric Center, 937 F.2d 190, 193 (5th Cir. 1991)(citing Jones v. Flagship International, 793 F.2d 714, 724 (5th Cir. 1987)). Regarding protected activity, Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

Defendant argues that plaintiff's filing of a criminal complaint against a co-worker is not protected activity and therefore, plaintiff cannot make out a prima facie case of discrimination. However, this is not an accurate assessment of the law. In Worth v. Tyer, 276 F.3d 249, 255 (7th Cir. 2001) an employee was terminated the same day she filed a police complaint alleging that her supervisor touched her breast. She filed a Title VII retaliation claim and the Seventh Circuit found that a plaintiff who reports such conduct to the police clearly "opposes" it within the meaning of 42 U.S.C. § 2000e-3(a). "We have no problem concluding that [the employee's] police report constitutes protected activity under Title VII"s 'opposition' clause." Id. at 265.

Similarly, in EEOC v. Dinuba Medical Clinic, 222 F.3d 580, 586 (9th Cir. 2000), the court held that the filing of criminal assault charges against a supervisor qualified as "opposition activity" under the Title VII statutes. The district court found that the physical assault was the culmination of discriminatory acts and that the employee reasonably believed she was subjected to battery because of her gender. Id. The Ninth Circuit affirmed the finding. Id. See also

Wilson v. Wayne County, 856 F.Supp. 1254, 1260-1261 (M.D. Tenn. 1994)(courts consider a wide variety of activities as constituting "opposition" under the anti-retaliation provision of Title VII, including notifying an assistant district attorney about harassment and publicly and privately expressing that an employer has illegally discriminated).  Accordingly, it is possible that a plaintiff who is retaliated against for reporting a co-worker or supervisor to a law enforcement agency has made out the first prong of a retaliation claim by engaging in protected activity.

Nevertheless, it does not appear that plaintiff has made out a prima facie case in this lawsuit.  Although she filed a complaint with law enforcement authorities against Taylor, she was not opposing a discriminatory practice made unlawful by Title VII.  Rather, she alleged that Taylor assaulted her by placing a starting pistol to her chest after having been heard to comment that plaintiff's voice was annoying to her (D.E. 19, Ex. 5).  No where in her complaint to the police department does plaintiff allege that Taylor assaulted her because of race or sex, or for any other protected category under Title VII.  Accordingly, she has failed to make out a prima facie case of retaliatory discrimination.

### 2. Legitimate, Non-Discriminatory Reason

Even if plaintiff had made out a prima facie case of discrimination, defendant has presented a legitimate, non-discriminatory reason for why it did not hire plaintiff for one of the two coaching positions.  James Stansberry, superintendent of the district, submitted an affidavit in which he explained that when plaintiff was hired as a coach and math teacher, she did not have the state-mandated math certification.  Instead, she was given a Temporary Classroom Assignment Permit ("TCAP") which allowed her to teach through the 2004-2005 school year only and was not renewable.  As part of the TCAP, plaintiff was provided with a certification

plan that required her to either complete 24 hours of college courses or take and pass a math certification test if she wanted to obtain a permanent certificate to teach math (Aff. of James Stansberry, D.E. 19, Ex. 1, at 1).  In addition, as part of her coaching responsibilities, plaintiff was supposed to obtain and maintain a Class B Commercial Driver's License (Id. at 2).

Plaintiff did not take any math classes in the Fall of 2004 or the Spring of 2005 and she took and failed the math certification test.  She did not obtain a Class B Driver's License (Id.).  In February 2005 plaintiff was evaluated by Cathy Taylor and Jimmy Thomas, director of the district athletic department, as part of the district evaluation process.  Both Taylor and Thomas recommended that plaintiff's contract not be renewed because she had obtained neither the math certification nor the driver's license.  Based on the recommendation, the district school board voted to not renew plaintiff's contract (Id.).  The math teacher position subsequently was filled by Armando Salinas, an Hispanic man (Id. at 3).

The applications for the position of Physical Education/Coach/Math teacher were reviewed by Taylor, Thomas and the school principal, Chris Luna.  The applicants were rated by teaching fields, coaching experience, resumes and references.  The top applicants were interviewed and the names of the finalists were presented to the school board for a final decision on hiring (Id.).  Plaintiff was not selected as Girls Head Basketball Coach because she lacked experience as head basketball coach and because it was believed, based on her coaching of freshman and junior varsity teams, that she could not perform at a level appropriate for varsity competition.  An Hispanic woman, Jessica Quintanilla, who had five years experience as a girls head basketball coach at the varsity level, was chosen for the position (Id.).

Plaintiff was not chosen as the girls head softball coach because she had no softball coaching experience. An Anglo man, John Keeler, who had experience as a girls softball coach, was chosen for the position. Moreover, because plaintiff did not have a Class B driver's license, she was not qualified for either coaching position (Id.).

Defendant has presented legitimate, non-discriminatory reasons for not renewing plaintiff's contract and also for not hiring her for either of the two head coaching positions. Plaintiff has offered no evidence to show that the proffered reasons were a pretext for discrimination. Accordingly, summary judgment should be entered for defendant.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that defendant's motion for summary judgment (D.E. 19) be granted in part and summary judgment entered in favor of the defendant. Plaintiff's Title VII claims should be dismissed with prejudice.

Respectfully recommended this 18th day of August, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).